UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   )
       Plaintiff,   )
                       )
  -vs-                  ) Case No. 1:CR-01-00146-002
                       )
KEITH WALKER,   )
       Defendant.   )



MOTION FOR DEFINITIVE DETERMINATION OF AMOUNT AND TIMING
OF RESTITUTION PAYMENTS DURING INCARCERATION

Comes now I, KEITH WALKER (hereinafter 'Defendant') the Defendant in the above captioned matter, and pursuant to 18 U.S.C. §§ 3663 and 3664, does so move this Honorable Court to issue an ORDER defining the timing and amount of restitution payments during Defendant's current federal incarceration.

In accord with Haines v. Kerner, 404 U.S. 519 (1972), Defendant requests a liberal reading of this Motion and offers in support of granting this Motion the following facts, legal argument, and conclusion of law:

FACTS:

1. On May 13, 2002, Judgment was entered against Defendant which included an Order of restitution, as imposed by the Honorable William W. Caldwell (hereinafter 'Judge Caldwell').

2. The Order of restitution imposed upon Defendant by Judge Caldwell, although requiring payment of monetary penalties during Defendant's period of incarceration, is silent as to the specific amount and timing of restitution payments to be made during Defendant's period of incarceration.

3. Where Judge Caldwell has required that restitution payments be made during Defendant's period of incarceration, the applicable provisions of 18 U.S.C. §§ 3663 and 3664, not only require but only authorize Judge Caldwell to set the amount and timing of Defendant's restitution payments while incarcerated.

LEGAL ISSUE:

4. MUST SENTENCING COURT SET AMOUNT AND TIMING OF RESTITUTION PAYMENTS, WHEN PAYMENTS ARE REQUIRED TO BE MADE DURING THE TERM OF A DEFENDANT'S PERIOD OF INCARCERATION?

ARGUMENT:

5. In this instant matter Defendant was sentenced to serve a 120 month term of imprisonment. In addition to the term of imprisonment imposed, Judge Caldwell imposed restitution in the amount of $1,318,645.00 and that restitution payments shall be due during Defendant's period of incarceration. But Judge Caldwell, contrary to the applicable provision of 18 U.S.C. §§ 3663 and 3664, did not determine the amount and timing of the restitution payments required to be made during Defendant's incarceration. Thus, apparently and implicitly the amount and timing of restitution was left to the discretion of the Bureau of Prisons through its Inmate Financial Responsibility Program.

6. However, there is well developed law holding that a sentencting court may not delegate to another entity its judicial authority to set the amount or timing of restitution payments. E.g. United States v. Arellano, 137 F.3d 982, 986 (7th Cir. 1998); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996); United States v. Mortimer, 94 F.3d 89, 91 (2nd Cir. 1996); United States v. Graham, 72 F.3d 352, 356-57 (3rd Cir. 1995). Therefore, Defendant is lawfully entitled to have this Honorable Court establish the

amount and timing of restitution payments in the above captioned matter.

7. Defendant proffers, based upon the current montly stipend received, financial obligations to dependents, and personal expenses, that five (5) to ten (10) percent of the maximum monthly balance of Defendant's inmate account, as a monthly payment towards restitution costs, would serve as the appropriate amount and timing of restitution payments during Defendant's incarceration.

## CONCLUSION

Its is clear in light of the aforementioned facts and supporting case law, that a sentencing court must set the amount and timing of restitution payments. Defendant has not received such determination by Judge Caldwell. Failure by Judge Caldwell to set the amount and timing of restitution payments, does implicitly and impermissibly delegate that judicial function to the Bureau of Prisons. Thus, this Honorable Court in order to maintain fundamental fairness and integrity of its judicial proceedings, must exercise its lawful authority, as only this Court can, and set the amount and timing of Defendant's restitution payments.

## PRAYER OF RELIEF

WHEREFORE, Defendant prays this Honorable Court to GRANT this motion and issue an ORDER definitively setting the amount and timing of Defendant's restitution payments. Such ORDER shall establish and be binding upon all other persons or entities, that where the maximum balance of Defendant's inmate account does not exceed $50.00 dollars that no less than five (5) percent of that balance shall be paid towards any restitution owed, but where Defendant's inmate account balance exceeds $100.00 dollars that no less than ten (10)

percent of that balance will be paid toward any restitution owed. Furthermore, said ORDER shall instruct that all restitution payments shall be made monthly, and that Defendant shall receive receipts for all future and back payments. Lastly Defendant requests this Honorable Court to issue such ORDER nunc pro tunc, to have binding effect from May 13, 2002, the date judgment was entered in this instant matter.

November 24, 2004                    Respectfully Presented,

                                     X Keith Walker
                                     KEITH WALKER, pro se
                                     BOP REG. NO. 60314-053
                                     FCI RAY BROOK
                                     P.O. BOX 9007
                                     RAY BROOK, NEW YORK  12977

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  )
    Plaintiff,  )
    )
-vs-  )   Case No. 1:CR-01-00146-002
    )
KEITH WALKER,  )
    Defendant.  )
_____)

## CERTIFICATE OF SERVICE

I, KEITH WALKER, the Defendant in the above captioned matter and the undersigned herein, do so hereby affirm under the pain and penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that true and correct copies of <u>MOTION FOR DEFINITIVE DETERMINATION OF AMOUNT AND TIMING OF RESTITUTION PAYMENTS DURING INCARCERATION</u>, and <u>AFFIDAVIT IN SUPPORT</u> thereof, have been properly packaged and having adequate first class postage affixed thereupon, has been placed in the possession of the staff of FCI RAY BROOK, to be mailed to:

    William A. Behe
    U.S. Attorney's Office
    Room 217 Federal Bldg.
    228 Walnut Street
    Suite 220
    Harrisburg, PA 17108

So done this 29 day of November, 2004.

    Respectfully Presented,

    x /s/ Keith Walker
    KEITH WALKER, pro se
    BOP REG. NO. 60314-053
    FCI RAY BROOK
    P.O. BOX 9007
    RAY BROOK, NEW YORK 12977

Certified Mail # 7001 2510 0002 1757 9355    Page 1 of 1