UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
        Plaintiff

    -vs-                                    Case No. 1:CR-01-00146-002

KEITH WALKER,
        Defendant.



AFFIDAVIT IN SUPPORT OF

MOTION FOR DEFINITIVE DETERMINATION OF AMOUNT AND TIMING

OF RESTITUTION PAYMENTS DURING INCARCERATION

STATE OF NEW YORK      )
                       ) ss.:  Affidavit of KEITH WALKER
COUNTY OF ESSEX        )

        Comes now I, KEITH WALKER (hereinafter 'Affiant') the Defendant

in the above captioned matter and the Affiant herein, being above

21 years of age, having sound mind, and whom having been first

duly sworn, does so aver and depose upon Affiant's personal knowledge

the following facts and matters under penalty of perjury:

    1.  Affiant has been federally incarcerated since May 16, 2001.

    2.  Affiant has not been employed since May 16, 2001.

    3.  Affiant has two minor children, a sixteen year old son

and a fourteen year old daughter, living with there mother who is

unable to work.

    4.  Affiant was ordered to pay restitution as a part of the

Judgment entered on May 13, 2002, by William W. Caldwell, U.S.

District Court Judge (hereinafter 'Judge Caldwell'), Judge Caldwell

also ordered that restitution payments be made during Affiant's

incarceration.

(1)

5.   The Pre-sentence Report adopted by Judge Caldwell prior to sentencing Affiant, clearly stated that Affiant did not have any material assets and was unable to pay restitution.  Affiant financial situation has not changed in any material way since the initial assessment of Affiant's economic status.

6.   Judge Caldwell did not at the time Affiant was sentenced, definitively determine what shall be the amount and schedule of the restitution payments to be made by Affiant, while Affiant is incarcerated.

7.   Due to Judge Caldwell's unintentional oversight to deter-mine the amount and timing of restitution payments during Affiant's incarceration, the Bureau of Prison (hereinafter 'B.O.P.') through its Inmate Financial Responsibility Program has usurped the authority of the Court, and has set the amount and timing of Affiant's restitution payments.

8.   The B.O.P.'s assessment of the amount and timing of the restitution payments during Affiant's incarceration, have placed upon Affiant an unreasonable and unjust burden, as well as an unlawful restriction.

9.   Further, due to the amount and timing of the restitution payments established by the B.O.P., Affiant's family can not afford to visit Affiant [though Affiant's family lives in New York state], Affiant can not afford to maintain phone contact, and Affiant has been deprived of making even minimal contributions towards support of Affiant's family.

10. Finally, due to the amount and timing of the restitution payments established by the B.O.P., Affiant's immediate family ties have been effectively severed.

FURTHER AFFIANT SAITH NAUGHT.

November 24ᵀᴴ, 2004                    Respectfully Presented,

                                        KEITH WALKER, pro se
                                        BOP REG. NO. 60314-053
                                        FCI RAY BROOK
                                        P.O. BOX 9007
                                        RAY BROOK, NEW YORK 12977

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF ESSEX          )

SWORN  AND  SUBSCRIBED  TO  BEFORE  ME
at _FCI RAYBROOK_____   this 24ᵀᴴ day of _NOVEMBER_____, 200 4
                           Notary Public _DONALD  L.  DUMAS____
                           WITNESS My Hand and Seal.

                           _David L. Dum_____
                           Signature of Notary Public

                                DONALD L. DUMAS
                           Notary Public, State of New York
                                No. 01DU6083407
                              Qualified in Franklin County
                         My Commission Expires November 12, 20 06