TAM:WAB:caz

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) **Criminal No. 1:CR-01-146** |
| | ) **(Judge Caldwell)** |
| **v.** | ) **(Electronically filed)** |
| | ) |
| **KEITH WALKER** | ) |

**RESPONSE OF THE UNITED STATES
TO MOTION FOR DEFINITIVE DETERMINATION OF AMOUNT
AND TIMING OF RESTITUTION PAYMENTS DURING INCARCERATION**

**AND NOW** this 11th day of February 2005, comes Thomas A. Marino, United

States Attorney for the Middle District of Pennsylvania, by William A. Behe, Assistant

United States Attorney, who files this Response to Motion for Definitive Determination of

Amount and Time of Restitution Payments during Incarceration and, in support thereof,

alleges as follows:

**I.     THE DISTRICT COURT'S ORDER OF RESTITUTION COMPLIED WITH THE
       MANDATORY REQUIREMENTS OF THE MANDATORY VICTIM'S
       RESTITUTION ACT (MVRA) BY SPECIFYING IN THE RESTITUTION ORDER
       THE MANNER AND SCHEDULE OF PAYMENTS TO BE MADE BY THE
       DEFENDANT.**

On November 16, 2001, the defendant entered a plea of guilty to Count IV of the

Superseding Indictment pursuant to a plea agreement entered into with the United

States.  Paragraph 7 of that plea agreement provided as follows:

> If the court awards a fine or restitution as part of the
> defendant's sentence, and the sentence includes a term of
> imprisonment, the defendant agrees to voluntarily enter the

> United States Bureau of Prisons-administered Program
> known as the Inmate Financial Responsibility Program to
> which the Bureau of Prisons will collect up to 50% of the
> defendant's prison salary and apply those amounts on the
> defendant's behalf to the payment of the outstanding fine and
> restitution orders.

On May 13, 2002, the defendant was sentenced to a term of imprisonment of 120 months. The court ordered the defendant to pay his proportional share of restitution in the amount of $1,318,645. The Judgment and Commitment Order specifically listed all of the individuals and entities that were entitled to restitution and their losses. With regards to the schedule of payments, the court ordered that the payments were to begin immediately and that the restitution shall be paid through the clerk of court, and that restitution was due in full immediately and was payable during the period of incarceration with any balance to be paid within 3 years of release from custody. The Judgment and Commitment Order also expressly stated that "payment of criminal monetary penalties (restitution) shall be due during the period of imprisonment. All criminal monetary penalties, accept those payments made through the Federal Bureau of Prison Inmate Financial Responsibility Program, are made to the Clerk of Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney." (J&C, p. 8). The Judgment and Commitment Order further provided that "the defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in monthly minimum installments of no less than $50." (J&C, p. 4). In ordering restitution, the Court considered "the defendant's economic circumstances and future earning ability...." (J&C, p. 4).

2

Consequently, the following was certain at the time of sentencing: (1) the amount of restitution was due and payable immediately; (2) it was made payable to the Clerk of Court; (3) that half of whatever the defendant earned in prison would be applied to this restitution order; (4) if any of the balance of the restitution remained unpaid once the defendant was released from prison and commenced his term of supervised release, then he would be required to pay minimum monthly installments of no less than $50; (5) restitution was ordered by the Court after considering the defendant's economic circumstances and future earning ability.

In light of the foregoing, it is the position of the United States that the Court has complied with provisions of the MVRA ordering restitution to be paid in full, the manner in which it was to be paid and a payment schedule.  See 18 U.S.C. § 3664(f)(2).  The Court may order the defendant to make a single lump sum payment, reasonable periodic payments, or, if the defendant is indigent, nominal periodic payments.  See 18 U.S.C. § 3664(f)(3)(A) and (B); United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999).

The Third Circuit recently had occasion to discuss a restitution order imposed by another judge in this district.  In United States v. Roy Allen Green, 01-CR-397-01, Judge Muir ordered the defendant to make restitution in the amount of $1,439.56 to the Bureau of Prisons, with that obligation payable during the incarceration only for the purpose of the inmate participating in the Bureau of Prisons Inmate Financial Responsibility Program with the payment of any balance to be a condition of supervised release.  The Third Circuit remanded the matter for the correction of the restitution order which did not

3

specify the manner and schedule of restitution in said amount.  The Order dated

October 29, 2003 from Judge Muir amended the Order as follows:

> Pursuant to the Opinion of the Court of Appeals, IT IS
> HEREBY ORDERED that the restitution imposed in this case
> shall be due immediately, shall be paid through the clerk,
> U.S. District Court for disbursement to the Bureau of Prisons
> and is payable during the period of incarceration with any
> balance to be paid within two (2) years of release from
> custody.  All aspects of the sentence shall remain as
> previously imposed.

In an unpublished Opinion, the Third Circuit Court of Appeals reviewed this

amended Order of Restitution and determined that the district court "complied with our

direction in the defendant's first appeal."  See United States v. Green, 2004 WL

2731495 (3d Cir. (Pa)).

In light of the foregoing, it is clear that this Court's order of restitution considered

everything that the MVRA requires and is not disimiliar to the order entered in the Green

case by Judge Muir which was affirmed by the Third Circuit Court of Appeals as recently

as December 1, 2004.  For these reasons, the defendant's motion should be denied.[1]

_____

[1] It should also be noted that the defendant did not appeal the Judgment &
Sentence including the restitution order that was entered in this case.  Nor has the
defendant challenged the order of restitution by way of motion pursuant to 28 U.S.C. §
2255 or any allegation that his prior counsel was ineffective for not pursuing this on
direct appeal.  The court should consider the matter waived for these reasons.

## II.  <u>CONCLUSION</u>

**WHEREFORE,** it is respectfully requested that the defendant's Motion for Definitive Determination of Amount and Timing of Restitution Payments During Incarceration be denied.

Respectfully submitted,

THOMAS A. MARINO
UNITED STATES ATTORNEY

/s/ WILLIAM A. BEHE

_____

WILLIAM A. BEHE
Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)
717/221-2246 (Fax)
WILLIAM.BEHE@USDOJ.GOV
Bar No. PA-32284

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No. 1:CR-01-146** |
| | ) | **(Judge Caldwell)** |
| **v.** | ) | |
| | ) | |
| **KEITH WALKER** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 11th day of February 2005, she served a copy of the attached

## RESPONSE OF THE UNITED STATES
## TO MOTION FOR DEFINITIVE DETERMINATION OF AMOUNT
## AND TIMING OF RESTITUTION PAYMENTS DURING INCARCERATION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):
Keith Walker
#60314-053
FCI Ray Brook
P.O. Box 9007
Ray Brook, NY 12977

/s/ CYNTHIA A. ZIMMERMAN
_____
CYNTHIA A. ZIMMERMAN
Legal Assistant