```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,         :
    Plaintiff
                              :

    vs.                          :   CRIMINAL NO. 1:CR-01-146-02
                              :

KEITH WALKER,
    Defendant             :

M E M O R A N D U M

I.   *Introduction*.

Defendant has filed a pro se motion, styled as a "motion for definitive determination of amount and timing of restitution payments during incarceration." The motion asserts that when he was sentenced, the court improperly failed to establish the manner and schedule of payments for his restitution.

Because the motion attacks the legality of our sentencing order, we have no jurisdiction to entertain it. In any event, our sentencing order did establish the manner and schedule of restitution payments.

II.  *Background*.

On November 16, 2001, Defendant pled guilty to count IV of a superseding indictment charging him with destroying by fire a business in downtown Carlisle, Pennsylvania, and an

apartment building that adjoined the business.  Significantly, Defendant's written plea agreement provided as follows:

> If the court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered Program known as the Inmate Financial Responsibility Program to which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

(Plea agreement, ¶ 7).

On May 13, 2002, we sentenced Defendant to 120 months' imprisonment and three years' supervised release.  As part of the sentencing order, Defendant was ordered to pay restitution in the amount of $1,318,645.  The judgment and commitment order also ordered that restitution was to begin immediately (page 8), be paid through the Clerk of Court (page 8), be payable during the period of incarceration with any balance to be paid within three years of release from custody (page 8), and, as an additional condition of supervised release, "[i]n view of the defendant's economic circumstances and future earning ability the
defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the

term of supervised release in monthly minimum installments of no less than $50." (Page 4).

Defendant took no direct appeal nor has he filed a motion under 28 U.S.C. § 2255. In the current motion, filed December 6, 2004, Defendant argues that our sentencing order failed to "defin[e] the timing and amount of restitution payments during Defendant's current federal incarceration." (Motion, p. 1). He argues that, in light of his financial obligations to his dependents, his personal expenses, and the financial resources he needs to maintain family ties, his monthly payment schedule should be five percent of his inmate account when the account is $50 or less and ten percent when it exceeds $100.

We have no jurisdiction to consider the motion. In arguing that we failed to establish a schedule of payments for his restitution, Defendant is contending that our sentencing order was illegal.[1] In the procedural circumstances here, we have no jurisdiction at this time to consider the legality of

---

[1] 18 U.S.C. § 3664(f)(2) requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ." See also United States v. Coates, 178 F.3d 681, 684 (3d Cir. 1999); United States v. Green, 75 Fed. Appx. 900, 902 (3d Cir. 2003)(nonprecedential).

3

our sentencing order.[2] *See United States v. Alevras*, 114 Fed. Appx. 488, 489 (3d Cir. 2004)(nonprecedential)(citing in part *United States v. Lussier*, 104 F.3d 32, 36-37 (2d Cir. 1997)). In any event, as the government points out, our sentencing order did comply with section 3664(f)(2). *See United States v. Green*, 117 Fed. Appx. 185 (3d Cir. 2004)(nonprecedential)(implicitly deciding that district court had corrected a violation of section 3664(f)(2) by revising its sentencing order to contain language immaterially different from the language the court used in the instant case).

Defendant's motion could also be read as seeking modification under 18 U.S.C. § 3583(e)(2) of the schedule of restitution payments. Restitution was imposed here as a condition of supervised release, and section 3583(e)(2) authorizes a court to modify conditions of supervised release, including an order of restitution or a fine imposed as such a condition, see *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000), and *United States v. Sarvis*, 205 F.3d 1326 (2d Cir. 2000)(table)(unpublished disposition found at 2000 WL 19100)(citing *Lussier, supra*). However, assuming our authority to modify the terms of supervised release dealing with restitution extends to modifying the payment schedule while the

---

[2] We express no opinion on the success of any motion Defendant might file under 28 U.S.C. § 2255.

4

defendant is still incarcerated, Defendant has not shown he is entitled to a modification because he has not argued any changed circumstances from the time of sentencing. *Miller, supra*, 205 F.3d at 1101; *Sarvis, supra*, 2000 WL 19100 at *3.  Thus, even if the motion were construed as one under section 3583(e)(2), we would nor grant it.

      We will issue an appropriate order.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: March 3, 2005

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,           :
     Plaintiff
                                                   :

     vs.                           :  CRIMINAL NO. 1:CR-01-146-02

                                                   :
KEITH WALKER,
     Defendant                     :

*O R D E R*

AND NOW, this 3rd day of March, 2005, it is ordered that Defendant's "motion for definitive determination of amount and timing of restitution payments during incarceration" (doc. 123) is dismissed for lack of jurisdiction.

                                             /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge