DPS-252                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1904

UNITED STATES OF AMERICA

v.

KEITH WALKER,
Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 01-CR-00146)
(Criminal treated as civil)
District Judge: Honorable William W. Caldwell

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2005

Before: ROTH, BARRY and SMITH, Circuit Judges

(Filed: August 22, 2005 )

OPINION

PER CURIAM

Keith Walker pled guilty on November 16, 2001 to destroying a business and

adjacent apartment building by fire. His written plea agreement contained an agreement

to voluntarily enter the United States Bureau of Prisons administered Inmate Financial Responsibility Program [IFRP] and acknowledged that the Bureau of Prisons [BOP] would collect up to 50% of his prison salary to be applied to payment of any outstanding fine and restitution orders. On May 13, 2002, Walker was sentenced to 120 months imprisonment and 3 years supervised release, and was ordered to pay restitution in the amount of $1,318,645. The judgment and commitment order provided that the amount was due in full immediately, that payment was to begin immediately, and was payable during incarceration. The judgment also provided for payment of any remaining balance during supervised release. Walker did not file any direct appeal or motion pursuant to 28 U.S.C. § 2255.

In November 2004, Walker filed a motion titled, "Motion for Definitive Determination of Amount and Timing of Restitution Payments During Incarceration," in which he claimed that the Court had neglected to set forth the amount and timing of his restitution payments during his incarceration, contrary to the provisions of 18 U.S.C. §§ 3663 and 3664 of the Mandatory Victims Restitution Act (MVRA). Walker alleged that "Failure by Judge Caldwell to set the amount and timing of restitution payments does implicitly and impermissibly delegate that judicial function to the Bureau of Prisons."

The District Court determined that Walker's claim was in fact an attack upon the terms of the sentencing court's restitution order insofar as that court had failed to set a payment schedule. Because the District Court viewed Walker's claim as an attack upon

the terms of his sentence, it implied that his remedy lay solely in a 28 U.S.C. § 2255 motion filed in the sentencing court. The District Court dismissed Walker's motion for lack of jurisdiction, but noted that in any event, its sentencing order did comply with the provisions of the MVRA.

We do not agree that the District Court lacked jurisdiction to consider Walker's motion. His challenge goes directly to execution of the sentence– namely, whether the BOP has authority to set the terms of the restitution payments while he is incarcerated. As such, the claim falls squarely within those properly raised in a petition for habeas corpus under § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See Mujahid v. Crabtree, 999 F. Supp. 1398, 1401 (D. Or. 1998), aff'd, 172 F.3d 57 (9th Cir. 1999). Furthermore, numerous courts have recognized that "§ 2255's language clearly and unambiguously limits its applicability to defendants seeking release from custody. It is not available to those, like the defendant, who challenge only fines or restitution orders." United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (citing cases). Thus, even if Walker were challenging the terms of the restitution order per se (which he clearly is not doing), he could not raise that claim in the sentencing court by § 2255 motion. For these reasons, we conclude that the District Court should have construed Walker's motion as a petition filed pursuant to 28 U.S.C. § 2241, and erred insofar as it dismissed the motion for lack of jurisdiction.

Nevertheless, the District Court's judgment should be affirmed on the ground that

Walker was not entitled to relief under § 2241. It is true that the MVRA requires that the sentencing court "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The sentencing court cannot delegate the scheduling of restitution to a probation officer or to the BOP, as we have held that the fixing of restitution payments is an exclusively judicial act. United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999). However, while a sentencing court may not impose restitution and then delegate the scheduling of payment to the BOP, that is not what occurred here. The sentencing court here stated in its restitution order that Walker's payment of $1,318,645 was "due in full immediately." The court did not order payment of the fine in installments, and it did not delegate its authority to the BOP to schedule payments. Indeed, nowhere in the restitution order did the sentencing court delegate a judicial function to the BOP. Instead, the court merely exercised its authority to require immediate payment.

Because such an order for immediate payment does not impermissibly delegate judicial authority, it is permissible for the BOP to administer collection through the IFRP. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); United States v. Trigg, 119 F.3d 493, 500 (7th Cir. 1997). As the Court of Appeals found in McGhee, there is simply no conflict between a restitution order directing immediate payment and the BOP initiating an IFRP payment plan. McGhee, 166 F.3d at 886. Walker's agreement to participate in the IFRP did not somehow transform his restitution order into one that

4

permits installment payments, and thus did not require a court-ordered payment schedule.

In sum, we hold that the District Court had authority to entertain Walker's challenge to the execution of his sentence under § 2241. Walker's petition, however, is without merit because the BOP has not exceeded its authority in setting the terms of Walker's restitution through the IFRP. Accordingly, we will affirm the District Court's judgment, but we modify that judgment to reflect that Walker's motion is construed as a § 2241 petition and is denied with prejudice on the merits.